**In the Matter of L.K.C., a minor child.**

No. 65273.

Supreme Court of Oklahoma.

April 29, 1986.

As Corrected July 14, 1986.

## MEMORANDUM OPINION

SUMMERS, Justice.

This case comes before us on the accelerated docket, pursuant to the Rule for Management of Workload appearing at 56 OBJ 2773. The State Department of Mental Health appeals from an order of the Juvenile Division, District Court of Tulsa County, Russell P. Haas presiding.

The factual background in pertinent part is this:

January 5, 1984—L.K.C., is adjudged a Child in Need of Treatment[1] and made a ward of the court.

March 16, 1984—Her custody is assigned to the Department of Human Services.

March 7, 1985—She is still a Child in Need of Treatment, but by agreement of parties, custody is changed to Department of Mental Health, and Department of Human Services is relieved.

August 9, 1985—Although she continues to be a Child in Need of Treatment the court finds that she is no longer in need of "residential care and treatment." She is to remain a ward of the court and in the custody of the Department of Mental Health, but is allowed to go home with a grandmother. The Department of Mental Health is ordered to furnish out-patient care.

Sept. 4, 1985—Department of Mental Health moves to vacate or modify the order of August 9.

Sept. 16, 1985—Juvenile court overrules motion and orders Department of Mental Health to continue with custody and provide outpatient treatment. The court also imposes some procedural requirements on Department of Mental Health, to which Department of Mental Health takes exception.

It is from the Order of September 16 that Department of Mental Health brings this appeal.

The principal error asserted by the Department of Mental Health is the award

---

1. This order was pursuant to 10 O.S. 1981 § 1101(d).

of custody of the child to the Department of Mental Health while at the same time finding that the child was no longer in need of *residential* care and treatment. The provision of law under which Department of Mental Health became implicated in the case is 10 O.S. 1982 § 1116, Subd. A(5), as follows:

"5. The court may make the following disposition with regard to children adjudicated to be in need of treatment:

a. order the child to receive *outpatient care and treatment* through a public or private mental health facility, *or*

b. if the court finds by clear and convincing evidence that a child in need of treatment:

(1) has a demonstrable mental illness and as a result of that mental illness can be expected within the near future to intentionally or unintentionally seriously and physically injure himself or another person and has engaged in one or more recent overt. acts or made significant recent threats which substantially support that expectation, or

(2) has a demonstrable mental illness and as a result of that mental illness is unable to attend to those of his basic physical or psychiatric needs that must be attended to in order for him to avoid serious harm in the near future and has demonstrated such inability by failing to attend to those basic physical or psychiatric needs in the recent past,

the court may *commit* such child to the department, the Department of Mental Health or any other public or private mental health facility *for residential care and treatment.* (emphasis added).

The Department of Mental Health does not dispute the court's ruling that the child was in need of outpatient care and treatment. Nor does it disagree with the court's decision to allow the child a less restrictive placement, that is, with the grandparent. What it does object to is its responsibility for legal custody once the child has left the physical care of the Department and its facilities. It points out the statutory obligation of the agency with custody, as appears at 10 O.S. 1981 § 1117:

"Whenever the court transfers custody of a child as provided in Section 1116 of this title, the person, institution, agency, or Department receiving custody shall have the right to, and shall be responsible for, the care and control of the child, and shall have the duty and authority to provide food, clothing, shelter, ordinary medical care, education, discipline for the child, and, in an emergency, to authorize surgery or other extraordinary care."

It contends that the care and control contemplated by the statute is not possible when the physical location of the child is outside an inpatient Department of Mental Health facility.

We agree. The District Attorney has cited no case nor statute which would support the order complained of. The section before us [2] allows (a) outpatient care, *or* (b) commitment to the Department of Mental Health (for "residential care and treatment.") The trial court has treated the section as if those options were in the conjunctive rather than the disjunctive. It does not provide for "commitment" for "outpatient care." Therefore we hold that part of the order of September 16, 1985 directing that custody remain with the Department of Mental Health to be in error.

■ The second assertion of the Department of Mental Health on appeal assails that part of the order of September 16 which imposed certain requirements on the Department, specifically:

(1) The Department of Mental Health shall provide the court with periodic reports addressing the child's progress in out-patient treatment, which reports

2. 10 O.S. 1981 § 1116, subd. A(5).

shall be submitted by Monday prior to a Friday review hearing.

(2) The Department of Mental Health shall advise the court in writing as to whether it wishes to appear by counsel in subsequent hearings.

(3) The Department of Mental Health shall provide the parties with ten days notice prior to any change in placement of the child.

The Department complains of uneven treatment in these requirements. Although the third requirement is cancelled by our ruling on custody, we find no mischief nor unreasonable burden in the first two. The legislature has authorized a juvenile division of the district court to order out-patient care with a public mental health agency. Such an order would be meaningless unless the agency reported the progress of its treatment back to the court. Thus the court may impose reasonable procedures for the interchange of such reports, consistent with the purposes of the Act as stated in 10 O.S. 1982 § 1129:

"[Section 1101 et seq. of this title] shall be liberally construed, to the end that its purpose may be carried out, to wit:

2. That the public policy of this state is to assure adequate and appropriate care and treatment for any child ... [and] to provide orderly and reliable procedures for the placement of a child alleged to be a child in need of treatment...."

The case is remanded with directions that the trial court relieve the Department of Mental Health of all further custodial responsibilities for L.K.C., a minor, including the responsibility for giving ten days notice for a change in placement. In all other respects the order of the trial court is affirmed.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE, WILSON and KAUGER, JJ., concur.

OPALA, J, concurs in result.